# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

|  |  |
|---|---|
| TIFFANIE PADAN, individually and on behalf of others similarly situated, | ) |
| | ) |
| | ) |
| Plaintiff, | ) |
| vs. | ) |
| | ) |
| WEST BUSINESS SOLUTIONS, LLC, | ) |
| | ) |
| Defendant. | ) |
| | ) |

Case No.: 2:15-cv-00394-GMN-CWH

**ORDER**

Pending before the Court is the Motion for Collective Action Certification and Court-Supervised Notice of Pending Collective Action (ECF No. 7) filed by Plaintiff Tiffanie Padan ("Plaintiff").  Defendant West Business Solutions, LLC n/k/a Alorica Business Solutions, Inc. ("Defendant") filed a Response (ECF No. 26), and Plaintiff filed a Reply (ECF No. 27).

Plaintiff filed two additional declarations in support of the instant Motion. (Allen Decl., ECF No. 42-1; Grace Decl., ECF No. 42-2).  Defendant filed a Response to Plaintiff's newly filed declarations (ECF No. 45), and Plaintiff filed a Reply (ECF No. 48).

## I.    BACKGROUND

Plaintiff brought this action against her former employer, Defendant West Business Solutions, LLC. (*See* Compl., ECF No. 1).  Plaintiff was employed as a customer service representative at Defendant's Reno, Nevada, call center from November 2013 to August 2014. (*Id.* ¶ 29).  Plaintiff accuses Defendant, *inter alia*, of failing to pay regular or overtime wages in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"). (*Id.* ¶¶ 68–80).

Plaintiff states that her job involved interacting with customers of Defendant's clients through inbound and outbound telephone calls. (Padan Decl. ¶ 4, ECF No. 7-2).  Moreover, Plaintiff claims that before she was able to clock-in, Defendant required her to start-up and log-

in to its computer system, servers, and software programs. (*Id.* ¶ 6).  Plaintiff explains that this process of logging-in took between five and fifteen minutes. (*Id.*).  Additionally, Plaintiff states that Defendant required her to complete a three to ten minute log-out process after clocking-out. (*Id.* ¶ 7).  Plaintiff claims that as a result, she and other hourly call center employees performed work before and after clocking-in for which they were not compensated or paid overtime wages. (*Id.* ¶¶ 5, 11).

Plaintiff's instant Motion requests that the Court issue an order conditionally certifying the collective action pursuant to 29 U.S.C. § 216(b). (Mot. Collective Action Cert. 1:18–2:4, ECF No. 7).  Moreover, pursuant to *Hoffman-La Roche, Inc. v. Sperling*, 493 U.S. 165 (1989), Plaintiff requests that notice be given to all workers who failed to receive wages from Defendant in violation of the FLSA. (*Id.*).  Plaintiff describes the proposed class as "[a]ll similarly situated current and former hourly customer service representatives who worked for Defendant at any time during the last three years." (Compl. ¶ 44).  Plaintiff asserts that "[t]he Class . . . will include several thousand members."  (*Id*. ¶ 49).

## II.  **LEGAL STANDARD**

Section 216(b) of the FLSA provides that one or more employees may bring a collective action "on behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b).  While a plaintiff may bring an action on behalf of himself and others similarly situated, "no employee shall be a party to any such action unless he gives his consent in writing to become such a party and such consent is filed with the court in which such action is brought." *Id.*  "Although § 216(b) does not require district courts to approve or authorize notice to potential plaintiffs, the Supreme Court held in *Hoffman-La Roche* that it is 'within the discretion of a district court' to authorize such notice." *McElmurry v. U.S. Bank Nat'l Ass'n*, 495 F.3d 1136, 1139 (9th Cir. 2007).  "[P]laintiffs need show only that their positions are similar, not identical, to the positions held by the putative class members." *Grayson v. K Mart*

1    *Corp.*, 79 F.3d 1086, 1096 (11th Cir. 1996) (alteration in original) (internal quotation marks

2    omitted).  "[P]laintiffs bear the burden of demonstrating a 'reasonable basis' for their claim of

3    class-wide discrimination." *Id*. at 1097.  "The plaintiffs may meet this burden, which is not

4    heavy, by making substantial allegations of class-wide discrimination, that is, detailed

5    allegations supported by affidavits which successfully engage defendants' affidavits to the

6    contrary." *Id*. (internal quotation marks omitted).

7         The FLSA does not define "similarly situated."  A majority of courts have adopted a

8    two-step approach for determining whether a class is "similarly situated." *See Fetrow-Fix v.*

9    *Harrah's Entm't Inc.*, No. 2:10-cv-00560-RLH-PAL, 2011 WL 6938594, at *6 (D. Nev. Dec.

10   30, 2011); *Misra v. Decision One Mortg. Co., LLC*, 673 F. Supp. 2d 987, 992–93 (C.D. Cal.

11   2008); *Leuthold v. Destination Am., Inc.*, 224 F.R.D. 462, 466 (N.D. Cal. 2004); *Pfohl v.*

12   *Farmers Ins. Grp.*, No. 2:03-cv-03080-DT-RC, 2004 WL 554834, at *2 (C.D. Cal. Mar. 1,

13   2004).  This approach involves notification to potential class members of the representative

14   action in the first stage followed by a final "similarly situated" determination after discovery is

15   completed.

16        "Since this first determination is generally made before the close of discovery and based

17   on a limited amount of evidence, the court applies a fairly lenient standard and typically grants

18   conditional class certification." *Misra*, 673 F. Supp. 2d at 993 (citing *Leuthold*, 224 F.R.D at

19   467; *Pfohl*, 2004 WL 554834, at *2).  At the initial notice stage, "a plaintiff need only make a

20   'modest factual showing sufficient to demonstrate that [the putative class members] were

21   victims of a common policy or plan that violated the law.'" *Id.* (quoting *Roebuck v. Hudson*

22   *Valley Farms, Inc.*, 239 F. Supp. 2d 234, 238 (N.D. N.Y. 2002)).  If the court "conditionally

23   certifies" the class, putative class members are given notice and the opportunity to "opt-in" by a

24   certain deadline. *Id.*

25        The second stage determination is held after discovery is complete and the matter is

ready for trial. *Id.*  At this stage the court can make a factual determination on the similarly situated question by weighing such factors as "(1) the disparate factual and employment settings of the individual plaintiffs, (2) the various defenses available to the defendant which appear to be individual to each plaintiff, and (3) fairness and procedural consideration." *Id.* (citing *Pfohl*, 2004 WL 554834, at *2).  If the claimants are similarly situated, the collective action proceeds to trial. *Id.*  If claimants are not similarly situated, the court decertifies the class and the opt-in plaintiffs are dismissed without prejudice. *Id.*

## III.   DISCUSSION

### A.   Plaintiff is Similarly Situated for Conditional Certification of a Collective Action

Plaintiff seeks certification of a collective action for her claims under the FLSA alleging that Defendant "failed to pay its hourly customer service representatives for all time worked and . . . overtime wages at the rate of time-and-a-half for time worked in excess of forty (40) hours per week." (Mot. Collective Action Cert. 6:17–19, ECF No. 7).  Plaintiff submits two supporting declarations of former employees of Defendant's Youngstown, Ohio, and San Antonio, Texas, call centers. (Allen Decl. ¶ 3, ECF No. 42-1; Grace Decl. ¶ 3, ECF No. 42-2). The declarants assert that they "had a similar experience as [Plaintiff] with respect to Defendant failing to pay [them] for off-the-clock work." (Allen Decl. ¶ 6; Grace Decl. ¶ 6).  Declarants also claim they were not paid wages for overtime performed. (Allen Decl. ¶ 8; Grace Decl. ¶ 8). The Complaint and declarations allege that Plaintiff and other hourly call center employees were subjected to the same practices concerning Defendant's log-in and log-out procedures even though they worked on different client accounts.

Defendant argues that the collective action cannot be certified because the proposed class members are not similarly situated. (Resp. 16:10–11, ECF No. 26).  Defendant asserts that its customer service representatives work in different states on different line groups for different clients using different computer programs. (*Id.* 14:23–28).  Moreover, Defendant

1    asserts that, because customer service representatives use different computer programs, the

2    amount of time it takes to log-on and log-off differs based on the employee's line group. (*Id.*).

3    Defendant also argues that Plaintiff has failed to show a nationwide policy exists because

4    Plaintiff's experience and observations were confined to Defendant's Reno, Nevada, call

5    center. (*Id.* 16:23–25).  Defendant contends that its company policies and procedures at each of

6    its call centers strictly prohibit off-the-clock work, and Plaintiff's declaration fails to allege

7    sufficient facts demonstrating that any of its call centers outside of Nevada deviated from those

8    policies. (*Id.* 11:5–12; 15:5–7).  Finally, Defendant argues that Plaintiff's supporting

9    declarations "make different allegations than what [Plaintiff] has asserted in her declaration."

10   (Resp. to Pl.'s Newly Filed Decl. 6:8–9, ECF No. 45).

11          In cases where courts declined to conditionally certify a putative class, extensive

12   discovery justified a detailed factual inquiry otherwise reserved for the second "decertification"

13   stage. *See, e.g.*, *Luksza v. TJX Companies, Inc.*, No. 2:11-cv-01359-JCM-GWF, 2012 WL

14   3277049, at *8 (D. Nev. Aug. 8, 2012) ("[W]here the parties have had an opportunity to

15   conduct pre-certification discovery, courts tend to hold plaintiffs to a higher standard of

16   proof.").  Because the instant litigation is at the first "notice" stage and there has been no

17   significant discovery, the Court will apply the lenient standard to Plaintiff's motion, requiring

18   only that Plaintiff "make substantial allegations that the putative class members were subject to

19   a single decision, policy, or plan that violated the law." *Lewis v. Nevada Property 1, LLC*, No.

20   2:12-cv-01564-MMD-GWF, 2013 WL 237098, at *7 (D. Nev. Jan. 22, 2013).

21          The Court finds Plaintiff and her two supporting declarants have made a sufficient

22   threshold showing that they are similarly situated to the putative class members for purposes of

23   conditional certification of a nationwide class and first stage notice.  Declarants employed at

24   Defendant's Ohio and Texas call centers claim that they were similarly situated insomuch as

25   they were subject to the same off-the-clock employment practices as Plaintiff in Nevada. (Allen

Decl. ¶ 6; Grace Decl. ¶ 6).  They claim that this policy or practice actually existed notwithstanding Defendant's written policies and procedures and the contrary declarations of Defendant's call center supervisors, trainers, and other customer service representatives. (*Id.*; Reply in Supp. of Pl.'s Newly Filed Decl. 2:15–21, ECF No. 48).  Defendant's arguments to the contrary are more appropriate for the second stage determination. *See Harris v. Vector Mktg. Corp.*, 716 F. Supp. 2d 835, 841 (N.D. Cal. 2010) ("[S]everal courts have indicated that individualized inquiries . . . are better to address at the second stage of certification rather than the first.").  Further, thirty-seven opt-in plaintiffs located in ten different states have joined this case to date by filing consents to join the litigation. (*See* ECF Nos. 32–34, 36, 39, 40–41, 43– 44, 46–47, 49–52, 54–55).  Although it is not clear at this stage whether the opt-in plaintiffs worked at Defendant's call centers in each of those ten states, together with the declarations these notices suggest that Defendant's hourly customer service employees in other states and locations were subject to the same policy or practice.  The Court finds that this makes nationwide circulation of notice proper.

**B.    Proposed Notice**

The parties have collectively negotiated a proposed notice. (Notice of Right to Join Lawsuit, ECF No. 27-1).  In addition, the parties have stipulated that notice shall be sent to all putative class members via U.S. Mail and e-mail with a sixty-day opt-in period. (Reply 2:18– 20, ECF No. 27).  The Court approves of the proposed notice and agrees that an opt-in period of sixty days is reasonable.

**IV.    CONCLUSION**

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Collective Action Certification (ECF No. 7) is **GRANTED.**

**IT IS FURTHER ORDERED** that this action is conditionally certified as a representative collective action.

**IT IS FURTHER ORDERED** that Defendant identify all potential opt-in plaintiffs and their last known addresses, telephone numbers, e-mails, and the dates and location(s) of employment within twenty-one days from the filing date of this Order.

**IT IS FURTHER ORDERED** that Plaintiff is authorized to disseminate the agreed notice (Notice of Right to Join Lawsuit, ECF No. 27-1) to the prospective collective action class by U.S. Mail and e-mail.

**IT IS FURTHER ORDERED** that putative class members shall have sixty days from circulation of the notice of pendency to opt-in to this action.

**DATED** this _____ 25 day of January, 2016.

_____

Gloria M. Navarro, Chief Judge
United States District Judge