Leslie Bryan Hart, Esq. (SBN 4932)
FENNEMORE CRAIG, P.C.
300 E. Second St., Suite 1510
Reno, Nevada 89501
Tel: (775) 788-2228 Fax: (775) 788-2229
lhart@fclaw.com

(Admitted *Pro Hac Vice*)
Julie A. Springer, Esq.
WEISBART SPRINGER HAYES, LLP
212 Lavaca St., Suite 200
Austin, TX 78701
Tel: (888) 844-8444 Fax: (512) 682-2074
jspringer@wshllp.com; kterrazas@wshllp.com

*Attorneys for Defendant West Business Solutions, LLC n/k/a as Alorica Business Solutions, Inc.*

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| TIFFANIE PADAN, individually, and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>WEST BUSINESS SOLUTIONS, LLC, a Delaware limited liability company,<br><br>Defendant. | CASE NO. 2:15-cv-00394-GMN-CWH<br><br>**SECOND PROPOSED JOINT DISCOVERY PLAN AND SCHEDULING ORDER**<br><br>**SPECIAL SCHEDULING REVIEW REQUESTED** |

Plaintiff Tiffanie Padan ("Padan"), on behalf of herself and all persons who have opted in to this action (collectively "Plaintiffs"), and Defendant West Business Solutions, LLC n/k/a Alorica Business Solutions, Inc. ("Alorica") submit this Second Proposed Joint Discovery Plan and Scheduling Order.

**1.     Conference of the Parties**.  Earlier this year, the Court conditionally certified a representative collective action under the Fair Labor Standards Act ("FLSA"). Doc. 58. Due to the unique procedural needs of a collective action, the Court subsequently granted special scheduling review and entered a scheduling order requiring the parties to confer about alternative dispute resolution, discovery sampling, and a discovery plan within 21 days after the opt-in period expired. Doc. 60. The deadline for potential plaintiffs to opt in to the conditionally-certified collective action expired on May 23, 2016. In accordance with the Court's scheduling

1  order, a conference was held telephonically on June 10, 2016, and was attended by Matthew L.
2  Turner, Kevin J. Stoops, David Grounds, and Molly Nephew, attorneys for Plaintiffs; and Julie
3  A. Springer, attorney for Defendant. As a result of this conference, the parties have stipulated to
4  various matters affecting the schedule of this case and now seek the Court's approval of their
5  agreement.

6  **2.    Extension of the Opt-in Period**. Notice was mailed to approximately 50,000
7  individuals. Approximately 5,114 individuals opted in to the lawsuit during the opt-in period.
8  After the opt-in period expired on May 23, 2016, a number of additional individuals submitted
9  opt-in forms in an attempt to opt in to the case. The parties have agreed that persons who
10 submitted opt-in forms close to the deadline should not be deprived of participation in the case,
11 but that a definite cut-off point is necessary to ensure fair and efficient administration of the case.
12 Accordingly, the parties agree that all opt-in forms submitted on or before June 17, 2016, shall
13 be deemed timely. All opt-in forms submitted within this extended opt-in period must be filed
14 with the Court on or before June 20, 2016.

15 **3.    Alternative Dispute Resolution**. The parties anticipate scheduling a mediation
16 session for later this year, with a current target date of mid-November. The parties are
17 considering several potential mediators with expertise in the area of FLSA collective actions. In
18 the meantime, and as described below, the parties anticipate sharing information related to the
19 opt-ins on an informal basis to evaluate the possibility of settlement. The parties will continue to
20 confer in good faith to determine an agreed-upon mediation date and mediator.

21 **4.    Discovery**. On a rolling basis, Alorica has been providing Plaintiff's counsel with
22 payroll and hours-worked information for the persons who opted in to the action. Alorica
23 anticipates providing additional information related to time-keeping practices and policies
24 including training information, as well as information regarding instructions for applications
25 specific to line groups. The parties are also discussing the possibility of a confidential
26 demonstration or interview for purposes of evaluating Alorica's computer systems, but the
27 details have not yet been agreed upon by the parties. All informal information exchanges shall
28

be completed no later than 30 days before the date of mediation. The parties believe that formal discovery is unnecessary at this time and can be further postponed pending mediation. However, the parties reserve the right to seek discovery sampling in the future if appropriate.

5. **Arbitration**. Alorica believes that a number of the opt-ins agreed to arbitration provisions during their employment which bar them from proceeding in this case and may warrant a motion to compel arbitration in the future. The parties have agreed that Alorica need not file a motion to compel arbitration while settlement discussions are ongoing. Accordingly, Plaintiffs agree that they will not argue that Alorica has waived its right to compel arbitration of any opt-in Plaintiff's claim based on a delay in filing such motion to compel arbitration until after mediation. All Plaintiffs agree that they are not prejudiced by any such delay and will not oppose a motion to compel arbitration based on any alleged waiver or forfeiture due to Alorica's failure to file a motion to compel until after the mediation in this case.

6. **Addition of state-law claims.** Plaintiffs have indicated that they may seek leave to amend their complaint to add additional state-law claims for the persons who have opted in to the conditionally-certified collective action. The parties have agreed that Plaintiffs need not file a motion for leave to amend to add such claims while settlement discussions are ongoing. Accordingly, Alorica has agreed that it will not argue that Plaintiffs have waived their right to move to amend their complaint to add the above-described state-law claims based on Plaintiffs' delay in filing such a motion until after mediation. Alorica agrees to toll any limitations period applicable to the above-described state-law claims for the period beginning on the date this report is filed until the date the mediator declares an impasse.

7. **Proposed Schedule**. The parties have agreed to confer again on October 14, 2016, and will file another status report with the court within 14 days of such conference. In the event mediation is unsuccessful, the parties propose that: (1) they confer within 21 days after the mediator declares an impasse to develop a proposed discovery plan and schedule under FED. R. CIV. P. 26(f) and LR 26-1; and (2) the parties will submit a proposed discovery plan and schedule within 14 days after their post-mediation conference.

1  **8.** **Further Scheduling Orders**. The parties agree that a further scheduling order may be necessary if mediation is unsuccessful.

1  DATED: This 5th day of July, 2016.

2                                         FENNEMORE CRAIG, P.C.

3                                         By:    */s/ Julie A. Springer*
                                                 Leslie Bryan Hart (SBN 4932)
4                                                300 E. Second St., Suite 1510
                                                 Reno, NV 89501
5                                                Tel: (775) 788-2228  Fax: (775) 788-2229
                                                 lhart@fclaw.com;
6
                                                          and
7
                                          WEISBART SPRINGER HAYES, LLP
8                                              (Admitted *Pro Hac Vice*)
                                               Julie A. Springer, Esq.
9
                                          **ATTORNEYS FOR DEFENDANT WEST BUSINESS
10                                        SOLUTIONS N/K/A ALORICA BUSINESS SOLUTIONS,
                                          LLC**
11

12                                        **SOMMERS SCHWARTZ, P.C.**
                                          One Towne Square, Suite 1700
13                                        Southfield, Michigan 48076
                                          248.355.0300
14

15                                        By:*/s/Kevin J. Stoops*
                                              Jesse L. Young (admitted *pro hac vice*)
16                                            MI Bar No. P72614
                                              jyoung@sommerspc.com
17                                            Matthew L. Turner (admitted *pro hac vice*)
                                              MI Bar No. P48706
18                                            mturner@sommerspc.com
                                              Kevin J. Stoops (admitted *pro hac vice*)
19                                            MI Bar No. P64371
                                              kstoops@sommerspc.com
20

21
                                          Don Springmeyer, Esq.
22                                        State Bar No. 1021
                                          dspringermeyer@wrslawyers.com
23                                        **WOLF RIFKIN, SHAPIRO,
                                          SCHULMAN & RABKIN, LLP**
24                                        3556 E. Russell Road, Second Floor
25                                        Las Vegas, Nevada 89120
                                          702.341.5200
26                                        702.341.5300 fax

27

28

Timothy J. Becker (admitted *pro hac vice*)
MN Bar No. 2563
tbecker@johnsonbecker.com
Jacob R. Rusch (admitted *pro hac vice*)
MN Bar No. 391892
jrusch@johnsonbecker.com

**JOHNSON BECKER, PLLC**
33 South Sixth Street, Suite 4530
Minneapolis, Minnesota 55402
612.436.1800
612.436.1801 fax

**ATTORNEYS FOR PLAINTIFF**

IT IS SO ORDERED:

_____
UNITED STATES MAGISTRATE JUDGE

DATED: July 6, 2016

**CERTIFICATE OF SERVICE**

Pursuant to F.R.C.P. 5(b) and Electronic Filing Procedure IV(B), I certify that on the 5th day of July 2016, a true and correct copy of the Second Proposed Joint Discovery Plan and Scheduling Order was transmitted electronically through the Court's e-filing electronic notice system to the attorney(s) associated with this case.  If electronic notice is not indicated through the court's e-filing system, then a true and correct paper copy of the foregoing document was delivered via U.S. Mail.

Don Springmeyer, Esq.
Bradley S. Schrager, Esq.
WOLF, RIFKIN, SHAPIRO, SCHULAMN
 & RABKIN, LLP
3556 E. Russell Road, Second Floor
Las Vegas, Nevada 89120
dspringmeryer@wrslawyers.com
bschrager@wrslawyers.com

Matthew L. Turner
Kevin J. Stoops
Jesse L. Young
SOMMERS SCHWARTZ, P.C.
One Towne Square, Suite 1700
Southfield, Michigan 48076
mturner@sommerspc.com
kstoops@sommerspc.com
jyoung@sommerspc.com

Timothy J. Becker
Jacob R. Rusch
JOHNSON BECKER, PLLC
33 South Sixth Street, Suite 4530
Minneapolis, Minnesota 55402
tbecker@johnsonbecker.com
jrusch@johnsonbecker.com

                                              */s/ Julie A. Springer*
                                              Julie A. Springer